```
 1                IN THE UNITED STATES BANKRUPTCY COURT

 2                 FOR THE SOUTHERN DISTRICT OF TEXAS

 3                           HOUSTON DIVISION

 4  IN RE:                          §    CASE NO. 17-32880-H2-11
                                    §    HOUSTON, TEXAS
 5  HOPEWELL-PILOT PROJECT, LLC     §    TUESDAY,
    AND TITLE ROVER, LLC,           §    NOVEMBER 21, 2017
 6          DEBTORS.                §    9:28 A.M. TO 9:41 A.M.
    ***********************************************************
 7  HOPEWELL-PILOT PROJECT, LLC     §    CASE NO. 17-3315-H2-ADV
                                    §    HOUSTON, TEXAS
 8  VERSUS                          §    TUESDAY,
                                    §    NOVEMBER 21, 2017
 9  ENSOURCE INVESTMENTS, LLC,      §
    ET AL                           §    9:28 A.M. TO 9:41 A.M.
10  ***********************************************************
    TITLE ROVER, LLC                §    CASE NO. 17-3316-H2-ADV
11                                  §    HOUSTON, TEXAS
    VERSUS                          §    TUESDAY,
12                                  §    NOVEMBER 21, 2017
    ENSOURCE INVESTMENTS, LLC       §
13  ET AL                           §    9:28 A.M. TO 9:41 A.M.

14                           MOTION HEARING

15                BEFORE THE HONORABLE DAVID R. JONES
                     UNITED STATES BANKRUPTCY JUDGE
16
                              APPEARANCES:
17
    FOR THE PARTIES:                SEE NEXT PAGE
18
    COURTROOM DEPUTY / ERO:         LINHTHU DO
19

20                       TRANSCRIPTION SERVICE BY:

21              JUDICIAL TRANSCRIBERS OF TEXAS, LLC
                      935 ELDRIDGE ROAD, #144
22                    SUGAR LAND, TEXAS 77478
              Tel: 281-277-5325 / Fax: 281-277-0946
23                 www.judicialtranscribers.com

24
         Proceedings recorded by electronic sound recording;
25          transcript produced by transcription service.
```

JUDICIAL TRANSCRIBERS OF TEXAS, LLC

```
 1                          APPEARANCES:

 2

 3  FOR HOPEWELL-PILOT PROJECT,
    LLC and TITLE ROVER, LLC:      REESE W. BAKER, ESQ.
 4                                 BAKER & ASSOCIATES
                                   950 ECHO LANE, STE. 200
 5                                 HOUSTON, TX  77024

 6

 7  FOR ENSOURCE INVESTMENTS,
    LLC:                           ADAM S. GERGER, ESQ.
 8                                 THE GERGER LAW FIRM PLLC
                                   2211 NORFOLK
 9                                 HOUSTON, TX  77098

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1      HOUSTON, TEXAS; TUESDAY, NOVEMBER 21, 2017; 9:28 A.M.
2            THE COURT:  Let me go back to Adversary -- and
3  I'll call them together, Adversary No. 17-3315,
4  Hopewell-Pilot Project, LLC v. EnSource Investments, LLC;
5  Adversary No. 17-3316, Title Rover, LLC v. EnSource
6  Investments, LLC.
7            Take appearances, please.
8            MR. BAKER:  Your Honor, Reese Baker on behalf of
9  Hopewell-Pilot and Title Rover.
10           THE COURT:  All right.  Thank you.
11           MR. GERGER:  Alan Gerger on behalf of EnSource,
12 Your Honor.  There's also on the Docket today --
13           THE COURT:  Yeah, we've got the Motion to Lift
14 Stay.
15           MR. GERGER:  -- Motion for Relief from Stay.
16           THE COURT:  I got it.
17           So let me ask:  Have we made any progress or are
18 we just in a holding pattern until you get something from
19 me?
20           MR. BAKER:  We've not made any progress.
21           THE COURT:  All right. Let me tell you -- and I'm
22 happy to have you argue against this, but just looking at
23 the lay of the land, my initial sense after reading
24 everything is to lift the stay, let you-all go to Judge
25 Hittner and get some instructions as to what he wants to do

1  and when I say that, I mean, I am perfectly happy -- these
2  three cases in my mind need to be consolidated, and when I
3  say these three, the two adversaries and the one pending in
4  front of Judge Hittner.  And if you disagree, I certainly
5  want you to tell me, but that's my initial view of it.
6           And my thought is that I lift the stay, let you go
7  to Judge Hittner to get some instructions, and then based
8  upon what Judge Hittner says, at that point I will have met
9  what I perceive is my obligation or my professional courtesy
10 to Judge Hittner and then I'll -- then we can figure out
11 what to do with them.
12          And I can see a full range of I don't want to have
13 anything to do with it, you go handle it.  Here's mine, you
14 go be a Magistrate for these three cases, consolidate it.  I
15 can also see him saying I'll take them all, I don't want a
16 bankruptcy judge involved in this in any way, shape or form,
17 all of which I'm perfectly happy with.
18          But that's my sense of where this ought to go.
19          Do you want to tell me why that's wrong?
20          MR. GERGER:  If the stay is lifted just to go to
21 Judge Hittner, I don't have a problem with that.
22          THE COURT:  Mr. Gerger, as an initial step?
23          MR. GERGER:  Well, Your Honor, the first case
24 filed and the Court that has the most knowledge of what's
25 happening among these parties, is the California Court.

1      THE COURT: I know that. And it would seem to me
2 that that is certainly something that ultimately Judge
3 Hittner might decide. If he declines, then I am perfectly
4 happy to decide the question, but I'm not about to get out
5 in front of him without giving him a chance to say: I want
6 to do it this particular way.
7      I'm more than happy if Judge Hittner says, you
8 know, this is for Jones to do. Perfectly happy to do.
9      What I do not want to do is to -- because I
10 haven't talked to him about this. I wouldn't do that
11 without telling you-all. I wouldn't want to enter a ruling
12 that somehow says, wow, you know, I wish I had an
13 opportunity to do that because I might have done something
14 different, and I can't believe that Article I down there
15 didn't acknowledge my Article III status. I'm just not
16 about to do that, so.
17      MR. GERGER: We have a default on our Motion for
18 Relief from Stay.
19      THE COURT: I got it, but I'm proposing to you the
20 way that I think this ought to be handled, reserving the
21 issue of the abstention until we see what Judge Hittner
22 wants to do.
23      I'm not exactly clear on why that was stayed in
24 the first place. And which is why I'm -- that's why I'm
25 tiptoeing around this very carefully because I don't think

1  that it was stayed.  I mean, I just don't think 362
2  effectuated a stay of that lawsuit, but I respect the fact
3  that he's entered an order, it's final.  He says it's
4  stayed.  I don't know and that's why I'm suggesting that we
5  go back to Judge Hittner, get some instructions and I want
6  you-all to tell him, I'll do whatever it is he wants me to
7  do.  He can have both of these.  He can have none of them.
8  He can send the third one to me to consolidate within a
9  Motion to Transfer Venue or a Motion to Abstain -- whatever
10 it is he wants to do is fine with me, but I -- this is a
11 long-winded way of saying:  I want to give him first crack
12 at deciding where this all goes.
13             MR. GERGER:  Is this a withdrawal of the
14 reference?  You're recommending a withdrawal?
15             THE COURT:  If he wants me to -- I've not been
16 asked to do that.  If he says:  Jones, I want a
17 recommendation from you on withdrawal of the reference, I
18 will more than -- I will quickly get that done, if that's
19 what he asks me to do.  I simply want some instruction from
20 him since in my mind he's got a cate that is very closely
21 related to the dispute between the parties.
22             MR. GERGER:  I feel which way the Court is
23 leaning.
24             THE COURT:  I get it that it's more cumbersome
25 than you wanted.  It's just, again, because I don't really

1 understand what happened in the District Court proceeding.
2 It may have just been an administrative thing that Judge
3 Hittner does every time that there is a bankruptcy case.
4      I have also practiced in front of him and known
5 him long enough to know that, you know, he's a pretty smart
6 guy.  There may be something else in his mind that he didn't
7 put down on paper.
8      MR. GERGER:  I think his order said it was
9 administratively closed.
10      THE COURT:  Well it does say that, I agree, but
11 you know, I mean, I enter orders all the time where I don't
12 say everything that's in my head and I do things for
13 different reasons.
14      So I just want you to go back to Judge Hittner and
15 tell him that I'm waiting for some instruction from him as
16 to what to do with these two, and that I am happy with any
17 decision that he wants to make.  I just want to make sure
18 that I'm not interfering with his administration of the case
19 that's pending in front of him.
20      MR. BAKER:  Your Honor, it may be helpful for the
21 Court to enter some type of a docket notation or order so
22 when we go to Judge Hittner there's something we can show
23 him?
24      THE COURT:  Absolutely and what I was going to
25 propose is that -- because I know that this is a sensitive

1  issue.  I know that each of you have different views.  I was
2  hoping that you-all could prepare an Agreed Order of Order
3  that lifts the stay to allow him to enter a decision with
4  respect to how the two adversaries I have plus the case
5  that's pending in front of him are handled and who handles
6  it.
7          MR. GERGER:  What about California?
8          THE COURT:  California isn't in front of me.  I
9  think that, as I understand it, that's pending in front of
10 an Article III court in California; correct?
11         MR. GERGER:  Correct.
12         THE COURT:  And I certainly want to give Judge
13 Hittner an opportunity to decide what happens with that.  I
14 mean, if you want to argue, as I assume you will, you know,
15 Judge Hittner, you should take the two that Jones has, you
16 can consolidate it with this one, and you should transfer
17 venue of the entire thing back to California -- that's fine
18 with me, but -- and I'm perfectly happy for him to say:  No,
19 those two are in front of Jones.  Jones can do whatever he
20 wants on those.
21         Then I'm perfectly happy to entertain those
22 arguments.  I just simply want to give Judge Hittner an
23 opportunity to express his desire with respect to this
24 litigation before I go start entering orders on what I think
25 is right.

1          MR. GERGER:  The Hittner case has only one of the
2 Debtors as a party.
3          THE COURT:  Uh-huh.
4          MR. GERGER:  So I think the order has to refer to
5 all the cases.
6          THE COURT:  All fine with me, but I mean, they all
7 come out of the same dispute, right?
8          MR. GERGER:  Sure.
9          THE COURT:  Yeah, so can we craft an Agreed Form
10 of Order that you both can live with?  It doesn't sway Judge
11 Hittner one direction or another.  It just makes it clear
12 that I'm lifting the stay and that you're seeking
13 instruction from him as to what he wants to do with all
14 three of them, but make it clear I'm perfectly happy to
15 proceed independently.  I'm simply giving what I think is
16 the appropriate level of deference to Judge Hittner.
17          MR. GERGER:  I know I can draft an Order I can
18 live with.
19          THE COURT:  Okay.  Fair enough.
20          MR. GERGER:  And see what Mr. Baker has to say
21 about that.
22          THE COURT:  All right.  Let's do this:  If you-all
23 can't -- if you-all can't get there, then submit competing
24 Forms of Order and my guess is what you'll get is something
25 entirely different because I know I can draft an Order that

1  I can live with.  I'm just trying to give you an opportunity
2  to control your own destiny.
3              So my sense of it is is that -- or what I'm
4  proposing is that we make a docket entry reflecting that the
5  Motion for Relief was granted in part, that the remainder
6  was denied without prejudice and I'm going to abate
7  consideration of the motions to abstain pending further
8  instruction from the District Court or lack of instruction.
9  I'm perfectly happy if he just says I'm not saying anything.
10             I just want to give him the opportunity to express
11 an opinion.
12             MR. GERGER:  I think your docket entry will help
13 us craft the Order.
14             THE COURT:  Okay.  All right.  Linh Thu, you got
15 all that?  Got it, all right.  Thank you.
16             All right.  Anything else we can do today?
17             MR. BAKER:  Well we had filed plans which are not
18 directly related to the abstention issue in the Adversary
19 Proceedings and we'd like to go and get a hearing set on
20 those before long.
21             THE COURT:  Fine with me.  So what are you looking
22 for?
23             MR. BAKER:  We are prepared to go forward and try
24 to do something before Christmas, if possible.
25             MR. GERGER:  I think we'll need some discovery on

1  the Plan, Your Honor.
2          THE COURT:  All right.  I figured as much.  Let me
3  as you this:  Are you-all going to have a big fight over the
4  Disclosure Statement or just Confirmation, or both?
5          MR. GERGER:  I suspect both.
6          THE COURT:  All right.  So here's my proposal is
7  that I give you a hearing date for conditional approval of
8  the Disclosure Statement.  So that ought to minimize the
9  number of disputes at least up front.
10         We have that hearing and then once I really see
11 what the issues are with respect to Confirmation, then I'll
12 set a Confirmation Hearing with a, hopefully an acceptable
13 discovery schedule for 1129 issues.
14         Does that work?
15         MR. BAKER:  That's fine.
16         THE COURT:  All right.
17         MR. GERGER:  Yes.
18         THE COURT:  So any reason that we couldn't have a
19 hearing on conditional approval of the Disclosure Statement,
20 say, like December 11th/12th, something like that?
21         MR. BAKER:  No.  That's fine.
22         THE COURT:  Is there a preference?
23         MR. BAKER:  Let me just check real quickly, Your
24 Honor.
25         MR. GERGER:  Those dates are fine for me, Your

1  Honor.
2         THE COURT:  All right.
3         MR. GERGER:  Hopefully the disclosure issues are
4  just resolved by agreement.
5         THE COURT:  And so, Mr. Baker, I know you've --
6  hopefully you've heard me say this before.  I mean, my view
7  on Disclosure Statements, both as a practitioner and as a
8  judge is, you know, Mr. Gerger says I want something in
9  there, you know, you're going to say, hey, write it up, send
10 it to me and I'm perfectly -- and I say this in jest, I
11 certainly don't mean -- I don't want anyone insulting
12 anyone, but I'm perfectly happy if you bracket it by saying,
13 "Here's the position of a madman."  And you know, you put it
14 in there and put a paragraph after it that says, "We
15 vehemently disagree with it, but that's his position."
16        I mean, it's -- you know, that's kind of my view
17 of Disclosure Statements.
18        MR. BAKER:  I understand, Your Honor.
19        THE COURT:  All right.  Did you have preference as
20 to either Monday or Tuesday?
21        MR. BAKER:  The 12th is a Tuesday, would be
22 better.
23        THE COURT:  All right.  Then let's see.
24        Could we do 1:30?
25        MR. BAKER:  Sure.  That's fine with me.

1    THE COURT:  All right.  Then we'll set a
2 conditional hearing -- and do you need to check?
3    MR. BAKER:  I was just asking if that --
4    MALE VOICE:  The 12th.
5    MR. BAKER:  -- the 12th at 1:30?
6    THE COURT:  All right.  So we'll set a hearing on
7 conditional approval of the Disclosure Statement and that is
8 the Disclosure Statement at Docket #33 in Case No. 17-32880.
9    And -- all right, that's the only place you filed
10 it, correct?
11    MR. BAKER:  Yes, and we want to consolidate it.
12    THE COURT:  Right, got it.  All right.
13    Anything else we need to do?
14    MR. GERGER:  Mr. Pannu one of the managers of
15 EnSource is here.  I asked him his calendar.  He's employed.
16 He's going to check with his employer.  If there's a problem
17 with that date, we'll know shortly.
18    THE COURT:  Sure.  And sorry, who is your client
19 rep?  I just didn't hear his name.
20    MR. GERGER:  Justin Pannu, P-A-N-N-U.
21    THE COURT:  All right.  Mr. Pannu, good morning.
22    The purpose -- the way that I'm -- the reason I'm
23 doing this, it would just be a conditional approval, which
24 means all of your rights are preserved until that final
25 hearing.  This is really just -- I'm going to read it and

1  your lawyer is going to read it, and it's an opportunity to
2  point out things that are materially wrong or if there's
3  something that just doesn't make sense at all in terms of
4  the Plan -- not that you're voting for it, not that you're
5  not voting for it, just a:  It doesn't comply with the
6  Bankruptcy Code.
7           For that one -- and I'll let you talk to
8  Mr. Gerger obviously, you may -- you're welcome to dial in
9  on my phone line if you want to listen, but this is more of
10 a, okay, I've read it.  Here's some things I think you need
11 to address, or not at all.  And it's Mr. Gerger to say
12 there's not a -- there are no projections attached and that
13 just can't possibly be right, and that would be something I
14 would listen to.
15          It would also be a chance for, say, Mr. Gerger
16 would say, "I would like to attach a paragraph explaining
17 the history of the Debtors and EnSource and I want to use my
18 words."
19          And I'm going to look at Mr. Baker and go, "Well,
20 why wouldn't you include this?  You can disagree with it
21 when you're done."
22          That'll be the nature of the hearing.  There won't
23 be much more substance than that because you're going to get
24 another opportunity to point out to me things that are
25 substantively wrong and Mr. Baker goes forward at his own

1 risk from a conditional approval to a final approval.

2 Does that make sense?

3 MR. PANNU: Yes, Your Honor.

4 THE COURT: Okay. All right.

5 Anything else we need to talk about this morning?

6 MR. BAKER: So you are not conditioning the
7 hearing on December 12th having any witnesses?

8 THE COURT: I do want somebody to tell me that
9 they've read it and it's accurate, 'cause --

10 MR. BAKER: Okay.

11 THE COURT: -- I'm going to have read it and I'm
12 going to know what it says, but I'm not going to know that
13 it's accurate. But I don't see much more substance than
14 that.

15 MR. BAKER: All right.

16 THE COURT: I mean if there's -- you know, if
17 Mr. Gerger wants something that you find to be particularly
18 personally offensive or it's something that, you know,
19 conflicts with a Final Judgment of another court -- I mean,
20 those are the types of argument that I want to sort through.
21 If it's a -- I don't like his view of the world, I mean, you
22 know, no one likes Mr. Gerger's view of the world, but he
23 gets to express it and you can bracket it, you can explain
24 it, but it's his opportunity to put that forward.

25 MR. BAKER: Right. I don't have any problems with

1  it.

2             THE COURT:  All right.  Anything else we can do
3  today?

4             MR. GERGER:  No, Your Honor.

5             MR. BAKER:  No.

6             THE COURT:  All right.  What do you think in terms
7  of either getting me an Agreed Form of Order or competing
8  Forms of Order?  And I know -- again, I know the holiday is
9  coming.

10            Next Friday?

11            MR. BAKER:  A week from -- yes, next Friday would
12 be good.

13            THE COURT:  Does that work, Mr. Gerger?

14            MR. GERGER:  Yes.

15            THE COURT:  All right.  So again, Mr. Alonzo will
16 be back.  If you get something done, just let him know by
17 text or email, or if you disagree, if you'd let him know and
18 then tell him that, hey, we've just uploaded competing
19 Orders.

20            MR. GERGER:  Back on the stay matter, we're really
21 lifting the stay to proceed in Judge Hittner's court?  Is it
22 a full lift stay for that?  Because if that's the case, he
23 has, of course, free reign to do whatever he so chooses.

24            THE COURT:  Certainly.  Here's my issue,
25 Mr. Gerger, and I have a hard time answering that question

1  because I don't think there was a stay in the first place.

2  I mean, that was a lawsuit filed by a Plaintiff

3  against a non-Debtor Defendant.  Tell me how that's stayed?

4  Again, there may be something else having occurred

5  in the case that I don't know about or understand.  I did

6  look at the Docket.  I didn't read every pleading, I just

7  kind of read the Docket Report and I read the Order closing

8  the case.  I read the Suggestion of Bankruptcy.  You know, I

9  don't really know what else occurred.

10  MR. GERGER:  You're really directing the parties

11  to reopen that, to the extent the stay needs to be lifted,

12  it'll be lifted?

13  THE COURT:  Right.

14  MR. GERGER:  That sort of a procedural --

15  THE COURT:  And then --

16  MR. GERGER:  -- order?

17  THE COURT:  Yes.

18  MR. GERGER:  But after that, this Order isn't

19  going to limit Judge Hittner's court as to what it will do.

20  THE COURT:  With respect to going forward in that

21  Adversary, you know, not --

22  MR. GERGER:  Right.

23  THE COURT:  -- I mean, I'm perfectly happy if I've

24  missed something for -- Mr. Baker, for you to come back, but

25  again, I just didn't see how it was stayed in the first

```
 1  place.
 2           I mean, again, I'm not criticizing at all.  I just
 3  don't understand how it was stayed.
 4           MR. GERGER:  Understood.
 5           THE COURT:  All right.  Anything else?
 6           MR. BAKER:  No.  Nothing that I can think of.
 7           THE COURT:  All right.  Thank you, gentlemen.
 8           Have a good holiday!
 9           MR. BAKER:  My pleasure.
10           MR. GERGER:  Thank you.  You, too.
11       (Hearing adjourned at 9:49 a.m.)
12                       * * * * *
13           I certify that the foregoing is a correct
14  transcript to the best of my ability from the electronic
15  sound recording of the proceedings in the above-entitled
16  matter.
17  /S/ MARY D. HENRY
18  CERTIFIED BY THE AMERICAN ASSOCIATION OF
19  ELECTRONIC REPORTERS AND TRANSCRIBERS, CET**337
20  JUDICIAL TRANSCRIBERS OF TEXAS, LLC
21  JTT TRANSCRIPT #57837
22  DATE:  NOVEMBER 30, 2017
23
24
25
```